# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-247V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SERENA A. BOURNE, | \* | Filed: January 13, 2015 |
| *Legal representative and parent of a minor child*, | \* | |
| J.A.B., | \* | |
| | \* | Decision by Stipulation; Damages; |
| Petitioner, | \* | Diphtheria-Tetanus-Acellular |
| | \* | Pertussis ("DTaP") Vaccine; |
| v. | \* | Haemophilus Influenza ("Hib") |
| | \* | Vaccine; Inactive Polio Virus |
| SECRETARY OF HEALTH AND | \* | ("IPV") Vaccine; Pneumococcal |
| HUMAN SERVICES, | \* | Conjugate ("PCV") Vaccine; |
| | \* | Hepatitis B ("Hep B") Vaccine; |
| Respondent. | \* | Rotavirus Vaccine; Seizure |
| | \* | Disorder |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard H. Moeller*, Berenstein, Moore, et al., Sioux City, IA, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 19, 2011, Serena A. Bourne, as legal representative and parent of a minor child, J.A.B., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenza ("Hib"), inactive polio virus ("IPV"), pneumococcal conjugate ("PCV"), hepatitis B ("Hep B"), and rotavirus vaccines on April 15, 2009, J.A.B. sustained a vaccine-related injury diagnosed as a seizure disorder, and that J.A.B experienced the residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Respondent denies that J.A.B.'s alleged injury and residual effects were caused-in-fact by the DTaP, Hib, IPV, PCV, Hep B, or rotavirus vaccines. Respondent further denies that any of these vaccines, either alone or in combination, caused J.A.B. any other injury or his current condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed January 8, 2015) that the issues before them can be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $230,000.00 in the form of a check payable to Petitioner as the Guardian/Conservator of the estate of J.A.B., for the benefit of J.A.B. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a);

- A lump sum of $21,481.45, which amount represents reimbursement of a lien for services rendered on behalf of J.A.B., in the form of a check payable jointly to Petitioner and Nebraska Department of Health and Human Services (P.O. Box 95026; Lincoln, NE 68509-5026; Attention: Lori Woita), which Petitioner agrees to endorse to the State; and

- A lump sum of $14,102.95, which amount represents reimbursement of a lien for services on behalf of J.A.B., in the form of a check payable jointly to Petitioner and First Recovery Group, LLC (Attn: Jeniece Goldsmith; 26899 Northwestern Hwy; Suite 250; Southfield, MI 48033).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

SERENA A. BOURNE, Legal Representative and Parent of a minor child, J.A.B.,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 11-247V
Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her minor child, J.A.B., petitioner Serena A. Bourne filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.A.B.'s receipt of diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenza ("Hib"), inactivated polio virus ("IPV"), pneumococcal conjugate ("PCV"), hepatitis B ("Hep B"), and rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.A.B. received DTaP, Hib, IPV, PCV, Hep B, and rotavirus immunizations on April 15, 2009.

3. The vaccines were administered within the United States.

4. Petitioner alleges that J.A.B. sustained a vaccine-related injury diagnosed as a seizure disorder that was caused-in-fact by the DTaP, Hib, IPV, PCV, Hep B, and rotavirus vaccines. She further alleges that J.A.B. experienced the residual effects of the injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of J.A.B. as a result of his condition.

6. Respondent denies that J.A.B.'s alleged injury and residual effects were caused-in-fact by the DTaP, Hib, IPV, PCV, Hep B, or rotavirus vaccines. Respondent further denies that any of these vaccines, either alone or in combination, caused J.A.B. any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $230,000.00 in the form of a check payable to petitioner as the Guardian/Conservator of the estate of J.A.B., for the benefit of J.A.B. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a);

2

b. A lump sum of $21,481.45, which amount represents reimbursement of a lien for services rendered on behalf of J.A.B., in the form of a check payable jointly to petitioner and

> Nebraska Department of Health and Human Services
> P.O. Box 95026
> Lincoln, NE 68509-5026
> Attention: Lori Woita

Petitioner agrees to endorse this payment to the State; and

c. A lump sum of $14,102.95, which amount represents reimbursement of a lien for services rendered on behalf of J.A.B., in the form of a check payable jointly to petitioner and

> First Recovery Group, LLC
> Attn: Jeniece Goldsmith
> 26899 Northwestern Hwy
> Suite 250
> Southfield, MI 48033

Petitioner agrees to endorse this payment to the State.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

3

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.A.B., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian of J.A.B.'s estate under the laws of the State of Nebraska. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of J.A.B.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of J.A.B.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of J.A.B.'s estate upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representatives of J.A.B., on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services,

4

expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.A.B. resulting from, or alleged to have resulted from the vaccinations administered on April 15, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about April 19, 2011, in the United States Court of Federal Claims as petition No. 11-247V.

15. If J.A.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

5

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Hib, IPV, PCV, Hep B, or rotavirus vaccine caused J.A.B. to suffer a seizure disorder or any other injuries.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of J.A.B.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_____
SERENA A. BOURNE

ATTORNEY OF RECORD FOR
PETITIONER:

_____
RICHARD H. MOELLER
BERNSTEIN, MOORE, HEFFERNAN,
MOELLER & JOHNSON, L.L.P.
U.S. Bank Building, Suite 300
501 Pierce Street
Sioux City, Iowa   51101
(712) 525-0020

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
by [signature]
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: January 8, 2015